

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

JAMIE GOSS, §
      Petitioner, §
 §
vs. § CIVIL ACTION NO. 4:19-00111-MGL
 §
WARDEN LEVERN COHEN, §
      Respondent. §

ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND DISMISSING PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS
WITHOUT PREJUDICE AND WITHOUT
REQUIRING RESPONDENT TO FILE A RETURN

This case was filed as a Petition for Writ of Habeas Corpus (Petition) under 28 U.S.C. § 2241. Petitioner Jamie Goss (Goss) is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting Goss' Petition be dismissed without prejudice and without requiring Respondent to file a return. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

"A document filed *pro se* is 'to be liberally construed.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Courts are not, however, required to "conjure up questions never squarely presented to them" or seek out arguments for a party. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

The Magistrate Judge filed the Report on February 6, 2019, ECF No. 8, and the Clerk of Court entered Petitioner's objections to the Report on February 25, 2019, ECF No. 10. The Court has reviewed the objections, but holds them to be without merit. Therefore, it will enter judgment accordingly.

The Magistrate Judge suggests Goss' Petition is due to be dismissed because it is a successive Petition for Writ of Habeas Corpus and Goss has failed to seek authorization from the Fourth Circuit Court of Appeals to file the instant Petition. Goss raises three objections to the Report.

Goss first advances though the instant Petition appears to be barred as successive, the statutes of fraud and his claim of actual innocence serve to overcome the procedural bar on bringing the instant Petition. As a preliminary matter, the Court believes Goss refers to fraud rather than the statute of frauds. Regardless of which Goss means, however, he fails to explain why fraud or the statute of frauds would overcome the procedural bar to his instant Petition.

A claim of actual innocence may serve to overcome an otherwise procedurally barred habeas claim. *Herrera v. Collins*, 506 U.S. 390, 404 (1993). The standard for showing of actual innocence is, however, extremely high; petitioner must show a "fundamental miscarriage of justice . . . ." *Id.* Additionally,

> [w]ithout any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a

miscarriage of justice that would allow a habeas court to reach the merits of a barred claim. However, if a petitioner . . . presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claim.

*Schlup v. Delo*, 513 U.S. 298, 316 (1995). Goss neglects to claim newly discovered evidence supports his claim of actual innocence, and thus fails to meet the standard to bring this successive Petition. For the above reasons, the Court will overrule Goss' first objection to the Report.

Goss next objects he did not know he needed to seek authorization from the Fourth Circuit prior to filing the instant Petition. Goss thus asks the Court to stay the instant proceeding until he can seek such authorization. In making this argument, Goss fails to show why a stay is appropriate here. Further, the statutes governing Petitions for a Writ of Habeas Corpus require petitioner to file for authorization to bring a successive Petition before the Petition is filed, not after filing the Petition. 28 U.S.C. § 2244(b)(3)(A). Accordingly, the Court will overrule Goss' second objection to the Report.

In his third objection to the Report, Goss states he "objects to all other claims made by way . . . . of general objection." ECF No. 10 at 2. Because this objection fails to constitute a specific objection to the Report, the Court declines to review Goss' third objection.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Goss' objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of this Court Goss' Petition is **DISMISSED WITHOUT PREJUDICE** and without requiring Respondent to file a return.

3

To the extent Goss requests a certificate of appealability from this Court, that certificate is **DENIED**.

**IT IS SO ORDERED**.

Signed this 5th day of March, 2019, in Columbia, South Carolina.

s/ Mary Geiger Lewis  
MARY GEIGER LEWIS  
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.